UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-202-JPH-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JAMES WRAY BOURGOYNE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cr-00202-JPH-MJD |
| | ) |
| JAMES WRAY BOURGOYNE, | ) -01 |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant James Wray Bourgoyne has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 43. Mr. Bourgoyne seeks immediate release from incarceration, or, in the alternative, to serve the remainder of his custodial term on home confinement.[1] Dkt. 49. For the reasons explained below, his motion is **DENIED**.

**I.     Background**

In June 2019, Mr. Bourgoyne pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkts. 37, 38. According to the stipulated factual

---

[1] It is not clear, but it appears that Mr. Bourgoyne may be requesting that the Court modify his sentence to serve the remainder of his term on home confinement. Dkt. 49 at 1. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Mr. Bourgoyne's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement); *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. Bourgoyne's sentence to time served. *See United States v. Millbrook*, No. 20-2147, 2021 WL 960743, at *2 (7th Cir. Mar. 15, 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

basis for his guilty plea, law enforcement officials stopped Mr. Bourgoyne for a traffic violation, and upon search of the vehicle with consent, officials found a .38 caliber revolver. Dkt. 35. Mr Bourgoyne further stipulated that at the time he possessed the gun, he had two prior felony convictions on his record. *Id.* Based upon his offense level and criminal history category, Mr. Bourgoyne's guidelines range was 57 to 71 months. Dkt. 32. The Court sentenced him to 57 months of imprisonment and 3 years of supervised release. Dkt. 38. According to the Bureau of Prisons ("BOP"), Mr. Bourgoyne's projected release date (including good-time credit) is November 10, 2022.

Mr. Bourgoyne is 43 years old. He is currently incarcerated at FCI Butner Medium II in Butner, North Carolina. As of May 5, 2021, the BOP reports that 1 inmate and no staff members at FCI Butner Medium II have active cases of COVID-19; it also reports that 430 inmates at FCI Butner Medium II have recovered from COVID-19 and that 3 inmates at FCI Butner Medium II have died from the virus. https://www.bop.gov/coronavirus/ (last visited May 5, 2021).

In October 2020, Mr. Bourgoyne filed a pro se motion for compassionate release. Dkt. 43. The Court appointed counsel, dkt. 44, counsel filed a brief/memorandum in support of the motion, dkt. 49, the United States filed opposition, dkt. 51, and Mr. Bourgoyne filed a reply, dkt. 53. Thus, the motion is now ripe for decision.

## II. Discussion

Mr. Bourgoyne seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 49. Specifically, he contends that his underlying medical conditions (hypertension and morbid obesity), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time

3

served. *Id.* In response, the United States argues that Mr. Bourgoyne has not established extraordinary and compelling reasons to warrant sentence reduction; that he remains a danger to the community if released; and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. Dkt. 51.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

---

[2] The United States concedes that Mr. Bourgoyne has exhausted his administrative remedies. Dkt. 51 at 7.

4

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or

5

registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Bourgoyne does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. Instead, he asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.[3]

Mr. Bourgoyne claims that extraordinary and compelling reasons warrant a sentence reduction in this case because he has various conditions (including hypertension and morbid obesity) that increase his risk of experiencing severe COVID-19 symptoms. Dkt. 49. The CDC (Centers for Disease Control) has recognized that obesity can make you more likely to get severely ill from COVID-19 and that hypertension can possibly make you more likely to get severely ill from COVID-19.. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 5, 2021). While it appears that Mr. Bourgoyne may be managing these conditions while incarcerated, the Court will assume without deciding that Mr. Bourgoyne's risk of developing severe symptoms if he contracts COVID-19 creates an extraordinary and compelling reason that could warrant a sentence reduction. *See, e.g.*, *United States v. Finan*, No. 1:17-cr-87-TWP-MJD-1, dkt. 145 at 13 (S.D. Ind. June 23, 2020) ("Therefore, because [the defendant] has established that he has a CDC-identified COVID-19 risk factor, the government does not contest that he has satisfied the 'extraordinary and compelling reason' prong of section 3582(c)(1)(A)(i)."); *United States v. Elmer,* No. 1:17-cr-113-JRS-TAB, dkt. 247 at 7 (S.D. Ind. June 17, 2020) ("[The defendant's] diabetes, during the COVID-19 pandemic, presents an extraordinary and compelling reason allowing for compassionate

---

[3] In keeping with the Seventh Circuit's instruction in *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020), the Court has considered the rationale provided by Mr. Bourgoyne's warden in denying Mr. Bourgoyne's administrative request for relief. Mr. Bourgoyne's warden appears not to have considered the possibility that Mr. Bourgoyne could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement. *See* dkt. 49-3. Thus, the warden's decision provides little guidance to the Court's analysis.

release."); *United States v. Sanders*, No. 3:06-cr-23-RLY-WGH-1, dkt. 31 at 6 (S.D. Ind. Oct. 26, 2020) ("The government concedes that the defendant has presented 'extraordinary and compelling circumstances,' in that he has at least one condition that puts him at an increased risk of severe illness from COVID-19. . . . Specifically, he is obese."); *United States v. Bilyou*, No. 2:11-cr-9-JMS-CMM-6, dkt. 905 at 6 (S.D. Ind. Nov. 27, 2020) ("The government concedes that the defendant has presented 'extraordinary and compelling circumstances,' in that he has at least one condition that puts him at increased risk of severe illness from COVID-19.").

This does not end the analysis, however, because the Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Bourgoyne's compassionate release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Bourgoyne's motion.

Here, Mr. Bourgoyne suffers from at least one medical condition that increases his risk of experiencing severe symptoms if he contracts COVID-19. *See*

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 27, 2021) (identifying obesity as a condition that can make you more likely to get severely ill from COVID-19). While FCI Butner Medium II experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success. https://www.bop.gov/coronavirus/ (last visited May 5, 2021) (showing that only 1 inmate at FCI Butner Medium II has a current COVID-19 infection). The BOP has also actively begun vaccinating inmates against COVID-19, *see* https://www.bop.gov/coronavirus/ (last visited May 5, 2021). As of May 5, 2021, 2273 inmates and 893 staff members at FCC Butner (of which FCI Butner Medium II is a part) have received both doses of the COVID-19 vaccine. *Id.* In addition, the BOP reports that, by mid-May 2021, all inmates will have been provided the opportunity to be vaccinated. *See* https://www.bop.gov/resources/news/20210415_hearing.jsp (last visited Apr. 27, 2021). That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Bourgoyne faces from COVID-19 and has given it appropriate weight as a characteristic of Mr. Bourgoyne in its consideration of the § 3553(a) factors.

Also weighing in his favor under the Court's § 3553(a) analysis, Mr. Bourgoyne has not had any disciplinary infractions during his 2 ½ years of incarceration. Mr. Bourgoyne presently works with UNICOR in the prison industry enterprises program, and he has taken drug treatment, career skills, mental health and anger management courses. Mr. Bourgoyne also represents that he has secured employment for when he is released from custody.

Weighing against him, Mr. Bourgoyne has a serious criminal history. He has a 1998 misdemeanor conviction for carrying a concealed weapon. Dkt. 32. In 2002, Mr. Bourgoyne pled

9

guilty to a charge of armed robbery without a firearm and received a 15 year sentence, which was later amended to 10 years. According to the facts of that case, Mr. Bourgoyne had a gun and threatened a victim to obtain the victim's wallet. Approximately 10 months after he was released from parole for that conviction, Mr. Bourgoyne robbed a bank in Greenville, North Carolina. He was convicted in federal court in 2014 and sentenced to 44 months imprisonment. Mr. Bourgoyne was released from his term of imprisonment in March 2016 but violated his supervised release only 3 months later. As a result, Mr. Bourgoyne was taken back into BOP custody to serve an additional 8 months of imprisonment. Mr. Bourgoyne was again released in January 2017, but he was arrested for the conduct in the instant case 7 months later in August 2017. On or about December 17, 2017, before law enforcement could execute the federal arrest warrant for the conduct in this case, Mr. Bourgoyne was arrested in New Hanover, North Carolina, once again for possession of a firearm by a felon. He was subsequently convicted of that offense in state court and sentenced to 9 to 20 months of imprisonment in July 2018. When Mr. Bourgoyne was released to parole in North Carolina on or about November 8, 2018, he was arrested on the federal charge in the instant case. In addition to this significant criminal history, Mr. Bourgoyne has only completed 60% of his sentence and still has more than a year and a half remaining. Finally, the Court is concerned that Mr. Bourgoyne appears to have declined the opportunity to participate in the residential drug treatment program despite having acknowledged that most of his legal troubles stem from his addiction problems. *See* dkt. 49-5.

In light of these considerations, the Court finds that releasing Mr. Bourgoyne early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. The Court is sympathetic to the risks Mr. Bourgoyne faces from COVID-19 but does not

find that those risks warrant releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III.   Conclusion

For the reasons stated above, Mr. Bourgoyne's motion for compassionate release, dk. [43], is **denied**.

**SO ORDERED.**

Date: 5/20/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel